# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINIOS
# EASTERN DIVISION

| | |
|---|---|
| DEIDRA HABEED HALL, | ) |
|                 Plaintiff, | ) ) ) |
| v. | )    Case No. 13-cv-7404 ) |
| TRANS STATES HOLDINGS, INC., TRANS STATES AIRLINES, and GOJET ARILINES, | )    JURY TRIAL DEMANDED ) ) ) |
|                 Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, Deidra Habeeb Hall, by and through her attorney, Law Office of Julie E. Diemer, LLC, complains against Defendants Trans States Holdings, Inc. ("TSH"), Trans States Airlines ("TSA"), and GoJet Airlines ("GoJet") as follows:

## NATURE OF ACTION

1. This is an action for damages and caused by Defendants' unlawful termination of Plaintiff, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S. C. § 1331, 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facility at O'Hare International Airport, in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, age discrimination and sex discrimination.  All conditions precedent to the institution of this lawsuit has been fulfilled, including receipt by Plaintiff of a Right to Sue Letter issued by the EEOC.

**PARTIES**

5.      Plaintiff was employed by Defendants from on or about August 18, 2008 until her termination from employment on August 1, 2011.  Plaintiff was hired by TSH, and routinely performed work for Defendants TSH, TSA, and/or GoJet.  Plaintiff was an "employee" of Defendants TSH, TSA, and GoJet within the meaning of 29 U.S.C. § 2611(2)(A).

6.      Plaintiff is an "eligible employee" under 29 U.S. § 2611(2)(B)(ii) because Defendants TSH, TSA, and GoJet are an integrated employer and/or joint employers and/or acting in each other's interest under the FMLA, and together employee more than 50 employees within 75 miles of Plaintiff's worksite.

7.      Plaintiff is a "qualified individual with a disability" who was able to perform the essential functions of her job with or without reasonable accommodation.

8.      At all times relevant Defendants were an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42. U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e-5(g) and (h).

9.      Defendants are a covered entity under 42 U.S.C. § 12101 *et seq.* of the FMLA, and Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

10. Defendant TSH is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois.

11. Defendant TSA is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois.

12. Defendant GoJet is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois.

13. Defendants TSH, TSA, and GoJet are all in the airline industry. Defendants TSA and GoJet are fully owned subsidiaries of Defendant TSH, the holding company. Defendants TSA and GoJet are regional airline carriers that operate flights as United Express.

14. Defendant TSH, TSA, and GoJet share common ownership, share common integrated management, have interrelated operations, and have a centralized human resources department with centralized functions and paperwork, including shared benefit plans.

**FACTUAL ALLEGATIONS**

15. Plaintiff, a female over the age of forty (40), she is a member of a protected class pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

16. Plaintiff was hired by TSH and began working for Defendants on or about August 18, 2008 as a Flight Attendant for on flights that Defendants operated as United Express. Throughout her employment, Plaintiff performed her job satisfactorily.

3

17. As a Flight Attendant, Plaintiff participated from time to time in job-related inflight training referred to as Recurrent Ground School, pursuant to Federal Aviation Association ("FAA") rules and/or regulations.

18. At all times relevant, Michaela Green ("Green") was employed by Defendants as the Manager of Inflight Services.

19. In the year prior to June 2011, Plaintiff worked for Defendants for more than 1,250 hours based out of O'Hare International Airport in Chicago, Illinois.

20. Defendants employ more than fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

21. TSA employs more than fifty (50) employees at O'Hare International Airport.

22. In April 2011, Plaintiff was named "Flight Attendant of the Month" by Defendants.

23. On or about June 9, 2011, Plaintiff became ill with a serious health condition and was later diagnosed with breast cancer shortly thereafter.

24. After her diagnosis, Plaintiff continued to perform her job duties satisfactorily.

25. After her diagnosis, Defendants began to treat Plaintiff differently with respect to work duties and assignments, employee benefits and policies, and began to harass Plaintiff on a continuing basis.

26. Plaintiff attended Recurrent Ground School from July 17, 2011 through July 21, 2011. Defendants, through Plaintiff's supervisor(s) and/or other management employees and/or agents Defendant, had knowledge when Plaintiff attended Recurrent Ground School that she had been diagnosed with breast cancer for which she would be undergoing treatment under Defendant's health insurance plan.

27. During Recurrent Ground School, Plaintiff was harassed, bereted, humiliated, and embarrassed in front of her co-workers to the point of tears by Defendants' supervisory personnel and/or agents and employees for no reason whatsoever.

28. Defendants acted by and through their agents during the course of and within the scope of their employment.

29. Other similarly situation employees who were not over the age of forty (40) were no similarly harassed and/or subjected to a hostile work environment.

30. Plaintiff submitted a doctor's note to her supervisor(s) and/or members of Defendants' management on July 28, 2011 stating that she was unable to work from July 28, 2011 through August 10, 2011, and requested FMLA eligible leave.

31. Thereafter, Plaintiff received a note from Green dated August 1, 2011 advising her that her employment was terminated effective immediately.

32. On or about August 11, 2011, Plaintiff received a COBRA Continuation Coverage Election Notice from ADP COBRA Services dated August 8, 2011 advising her that her health insurance coverage would end on July 31, 2011 because Defendants had terminated her employment effective July 28, 2011 – the very same day that Plaintiff presented her doctor's note to Defendants requesting medical leave for a serious health condition.

33. Plaintiff first became aware that her health insurance had ben cancelled by Defendants when she sought medical treatment for her cancer during the period July 28, 2011 through August 10, 2011, and was denied treatment by her health care provider(s) because she no longer had health insurance.

34. Based on the above, Defendants unlawfully denied Plaintiff her rights under the FMLA, and terminated her in violation of the FMLA.

## COUNT I
## INTERFERENCE – VIOLATION OF FMLA

35. Plaintiff incorporates Paragraphs 1 through 34 above as though fully set forth herein.

36. As of August 1, 2011, Plaintiff had been continuously employed by Defendants for almost three (3) years, and had worked at least 1,250 hours during the preceding twelve (12) months.

37. Plaintiff's breast cancer constitutes a "serious health condition" within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612.

38. Plaintiff was entitled to receive up to twelve (12) weeks of unpaid leave under the FMLA, which could be taken consecutively or intermittently.

39. Defendants failed to provide adequate information that would have permitted Plaintiff to exercise her rights to FMLA leave.

40. The FMLA prohibits any employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any right under the FMLA.

41. Plaintiff is an eligible employee pursuant to the FMLA.

42. Defendants are a covered employer.

43. Plaintiff was entitled to leave under the FMLA.

44. Instead of being permitted leave under the FMLA, defendant denied her FMLA benefits to which she was entitled.

45. Defendants' wrongfully denied Plaintiff her right to FMLA leave.

46. Plaintiff's leave of absence from July 28, 2011 through August 10, 2011 was an FMLA qualifying absence.

47. On or about August 1, 2011 Defendants terminated Plaintiff in violation of the FMLA.

48. The unlawful employment practices of Defendants complained of in this Complaint were done intentionally and/or with malice or with reckless indifference to the federally protected rights of Plaintiff.

49. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits including, but not limited to, health insurance.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Declaring that the acts and practices of Defendants as described herein constitute a violation of the FMLA;

B. Order Defendants to make Plaintiff whole by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

C. Order Defendants to make Plaintiff whole by awarding Plaintiff front pay or, in the alternative, directing Defendant to reinstate Plaintiff to her previous position with no loss of pay or benefits;

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from her unlawful termination;

E. Order Defendants to make Plaintiff whole by providing compensation for nonpecuniary losses resulting from her unlawful termination, including, but not

limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay Plaintiff punitive damages for its malicious and reckless conduct, in an amount to be determined at trial.

G. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

H. Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action; and

I. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## RETALIATION – VIOLATION OF FMLA

50. Plaintiff incorporates Paragraphs 1 through 49 above as though fully set forth herein.

51. But for Plaintiff having exercised her right to request FMLA leave; Defendants would not have terminated her from employment.

52. Defendants' stated reason for terminating Plaintiff in the letter it sent to her dated August 1, 2011 is a pretext for retaliation in violation of the FMLA.

53. The unlawful employment practices of Defendants complained of in this Complaint were done intentionally and/or with malice or with reckless indifference to the federally protected rights of Plaintiff.

54. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits including, but not limited to, health insurance.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

    A.    Declaring that the acts and practices of Defendants as described herein constitute a violation of the FMLA;

    B.    Order Defendants to make Plaintiff whole by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

    C.    Order Defendants to make Plaintiff whole by awarding Plaintiff front pay or, in the alternative, directing Defendant to reinstate Plaintiff to her previous position with no loss of pay or benefits;

    D.    Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from her unlawful termination;

    E.    Order Defendants to make Plaintiff whole by providing compensation for nonpecuniary losses resulting from her unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    F.    Order Defendants to pay Plaintiff punitive damages for its malicious and reckless conduct, in an amount to be determined at trial.

G.     Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

H.     Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action; and

I.     Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III
## DISABILITY DISCRIMINATION – VIOLATION OF ADA

55.     Plaintiff incorporates Paragraphs 1 through 54 above as though fully set forth herein.

56.     The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

57.     Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. § 12102(2) and 42 U.S.C. § 12111(8). At all relevant times, Plaintiff was Defendants' employee as defined by 42 U.S.C. § 12111(4).

58.     Defendants are a covered entity as defined by 42 U.S.C. § 12111(2).

59.     Plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that she held.

60.     Defendants regarded Plaintiff as a person with a disability.

43.     Defendants regarded Plaintiff as a person with a record of a disability.

61.     Defendants discriminated against Plaintiff in material part because of her

10

disability.

62. Plaintiff was subjected to a continuing hostile environment.

63. Defendant acted with malice.

64. Defendants discriminated against Plaintiff in regard to discharge, and/or other terms, conditions, and privileges of employment, including, but not limited to, health insurance, based upon her disability, perceived disability, and/or record of disability.

65. The unlawful employment practices of Defendants complained of in this Complaint were done intentionally and/or with malice or with reckless indifference to the federally protected rights of Plaintiff.

66. As a result of Defendants' unlawful conduct, Plaintiff has and continues to suffer loss of employment, loss of income, and loss of other employee benefits including, but not limited to, health insurance, mental anguish, emotional distress, embarrassment and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Declaring that the acts and practices of Defendants as described herein constitute a violation of the ADA;

B. Order Defendants to make Plaintiff whole by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

C. Order Defendants to make Plaintiff whole by awarding Plaintiff front pay or, in the alternative, directing Defendant to reinstate Plaintiff to her previous position with no loss of pay or benefits;

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from her unlawful termination;

E. Order Defendants to make Plaintiff whole by providing compensation for nonpecuniary losses resulting from her unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay Plaintiff punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G. Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

I. Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action.

## COUNT IV
## AGE DISCRIMINATION – VIOLATION OF ADEA

67. Plaintiff incorporates Paragraphs 1 through 66 above as though fully set forth herein.

68. Plaintiff was treated differently than similarly situation employees who were not over the age of forty (40). For example, those employees were not bereted and humiliated during Recurrent Flight Training as was Plaintiff.

69. The hostile work environment to which Plaintiff was subjected because of her age included, but was not limited to, subjecting her to stricter work standards, brining her to tears in front of her peers, and subjecting her to ridicule. Employees who were not over the age of forty (40) were not subjected to such treatment.

70. Defendants' conduct as alleged above constitutes discrimination based on Plaintiff's age in violation of the ADEA. The stated reasons for Defendant's conduct were not the true reasons, but instead were a pretext to hide the Defendants' discriminatory animus.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Declaring that the acts and practices of Defendants as described herein constitute a violation of the ADA;

B. Order Defendants to make Plaintiff whole by providing appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

C. Order Defendants to make Plaintiff whole by awarding Plaintiff front pay or, in the alternative, directing Defendant to reinstate Plaintiff to her previous position with no loss of pay or benefits;

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from her unlawful termination;

E. Order Defendants to make Plaintiff whole by providing compensation for nonpecuniary losses resulting from her unlawful termination, including, but not

limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay Plaintiff punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G. Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

I. Awarding reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action.

Dated:  October 15, 2013                                              Respectfully submitted,

                                                                             Deidra Habeeb Hall, Plaintiff

                                                                             By:     /s/ Julie E. Diemer____
                                                                                       Her Attorney

Julie E. Diemer
Law Office of Julie E. Diemer, LLC
1441 S. Harlem Ave.
Berwyn, IL 60402
P (708) 222-7000
F (708) 222-7001
jdiemerlaw@comcast.net

14