UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEIDRA HABEEB HALL, | : | |
| | : | 13 CV 7404 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Assigned Judge: Sharon Johnson Coleman |
| | : | |
| TRANS STATES HOLDINGS, INC., | : | |
| TRANS STATES AIRLINES, and | : | Magistrate Judge: Shelia M. Finnegan |
| GOJET AIRLINES, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S REQUESTS FOR PUNITIVE AND EMOTIONAL DISTRESS DAMAGES

Plaintiff has sued her former employer, GoJet Airlines ("Defendant" or "GoJet"), alleging interference and retaliation in response to an attempt to exercise her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*, and discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12121 *et seq*.

Plaintiff's request for punitive damages in Counts I, II, and IV of her Complaint must be dismissed, since neither the FMLA nor the ADEA allow for such damages. In addition, Plaintiff's requests for damages for emotional distress in Counts I, II and IV must be dismissed, since this remedy is also not available to Plaintiff in either FMLA or ADEA claims.

### BACKGROUND

For purposes of this Motion *only*, Defendant is taking all facts alleges in Plaintiff's Complaint as true.

Plaintiff was employed by Defendant as a flight attendant until her termination on or about August 1, 2011. In Count I of her Complaint, Plaintiff alleges that Defendant interfered

1

with her right to take leave under the FMLA. Count II of Plaintiff's complaint alleges that Plaintiff was terminated in retaliation for asserting her rights under the FMLA. Plaintiff alleges in Count III of her complaint that she was subjected to a hostile work environment and underwent adverse employment actions because of a disability, in violation of the ADA. Finally, Count IV of Plaintiff's complaint alleges that Plaintiff was subject to a hostile work environment and treated differently than other employees under the age of forty (40) in violation of the ADEA.

## ARGUMENT

### I. Standard of Review

Fed. R. Civ. P. 12(b)(6) requires the dismissal of a complaint – or a portion of a claim alleged in it – that fails to state a claim upon which relief can be granted. [1] A claim must be dismissed for failing to state a claim if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). *Twombly* "expounded the pleading standard for all civil actions" governed by the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (emphasis added). A claim is "plausible on its face" when the Complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Such "plausibility" exists only when the Complaint includes facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is not plausible when the Complaint merely pleads fact that are "consistent with" and allegation that the defendant acted unlawfully. *Id.*

---

[1] A motion to strike a claim for relief because it is not available under a statute is properly treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Cont'l Leavitt Commc'n, Ltd. v. Painewebber, Inc.*, 1994 U.S. Dist. LEXIS 18179 (N. D. Ill. 1994) (internal citations omitted) (motion to strike claim for punitive damages properly decided under 12(b)(6)).

2

## II. The FMLA Does Not Support Plaintiff's Claims for Punitive Damages or Emotional Distress

Plaintiff's prayers for relief in Counts I and II of her Complaint, which allege FMLA interference and retaliation, include requests for "nonpecuniary losses…including, but not limited to, emotional pain, suffering…and humiliation" and punitive damages. However, the damages available to a Plaintiff for an FMLA claim, which are clearly set forth in 29 U.S.C. §2617, do not allow for recovery of damages for either emotional distress or punitive damages.

This Court analyzed an identical issue of damages under the FMLA in *Heinze v. Southern Illinois Healthcare*, 2010 U.S. Dist. LEXIS 3931 (N. D. Ill. 2010). There, Plaintiff asserted that she had "suffered 'emotional distress, humiliation and embarrassment' as a result of SIH's alleges misconduct and pray[ed] for compensatory damages for 'emotional distress, embarrassment, and humiliation' as well as punitive damages." *Id*. at *6. This Court determined that neither compensatory damages for emotional distress nor punitive damages were recoverable under the FMLA. *Id.; see also Breneisen v. Motorola, Inc.,* No 02 C 50509, 2009 U.S. Dist. LEXIS 52360 at *& (N.D. Ill. 2009) ("The remedies available under the FMLA do not include damages for emotional distress or punitive damages") *Divizio v. Elmwood Care*, 1998 U.S. Dist. LEXIS 8398 at *11 (N.D. Ill. 1998) ("…Punitive damages are unavailable under the FMLA. The FMLA expressly limits recovery to actual damages, liquidated damages, equitable relief, fees and cost"); *Harrington-Grant v. Loomis, Fargo & Co.*, 2002 U.S. Dist. LEXIS 329 at *16-17 (N.D. Ill. 2002)(holding that neither since the express language of the damages section of the FMLA did not compensate emotional distress nor provide for punitive damages, such damages were not recoverable).

Here, Plaintiff seeks compensatory damages for emotional distress along with punitive damages as relief for both FMLA interference and FMLA retaliation. As such damages are not allowed under the FMLA, her requests for those damages should be dismissed.

**III.     The ADEA Does Not Support Plaintiff's Claims for Punitive Damages or Emotional Distress**

Similar to the argument set forth above, in Count IV of Plaintiff's Complaint, which alleges age discrimination in violation of the ADEA, also seeks compensation for "emotional pain, suffering, and…humiliation" as well as punitive damages.

The case of *Franzoni v. Hartmarx Corp.*, 300 F.3d 767 (7th Cir. 2002) serves as oft-cited authority for Defendant's position. In this case, the Plaintiff alleged that he was terminated because of his age and in retaliation for filing an EEOC complaint against his employer, and that his employer "impermissibly eliminated his promotional position due to his age." *Id.* at 773. In discussing the remedies which Plaintiff was entitled to in his claim, the Court noted that "Under the ADEA, a plaintiff may recover monetary damages in the form of back pay or liquidated damages for willful conduct, and may also, in certain circumstances, obtain equitable relief such as reinstatement or front pay. Plaintiffs may <u>not</u>, however, recover money damages for pain and suffering, not may they obtain punitive damages." *Id.* at 737 (emphasis added) (internal citations omitted). *See also Downey v. C.I.R.*, 33 F.3d 836, 839 (7th Cir. 1994) (citing *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 687-88 (7th Cir. 1982)) ("ADEA litigants cannot recover damages for either pain and suffering…or for emotional distress[.]"); *Smith v. Ill. Ass'n of Sch. Bds.,* 2010 U.S. Dist. LEXIS 112569 at *7 (N.D. Ill. 2010) ("The Seventh Circuit has long held that punitive damages and damages for pain and suffering are not available under the ADEA (internal citations omitted)…Though some courts have allowed for punitive damages in an ADEA retaliation claim, this is contrary to the language and purpose of the statute.")

4

Because well-established precedent in this circuit has clearly established that Plaintiffs are not able to receive compensatory damages for emotional distress nor punitive damages for an ADEA claim, Plaintiff's request for these damages must be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's requests for compensatory damages for emotional distress and punitive damages under both the FMLA and the ADEA must be dismissed or otherwise stricken from the Complaint.

Respectfully Submitted,

*/s/ David J. A. Hayes, III*
David J. A. Hayes, III
Leslie E. Cavender
Trans States Holdings, Inc.
11495 Navaid Road, Suite 340
Bridgeton, MO 63044
(314) 222-4316 – telephone
(314) 222-4311 – facsimile
dhayes@transstates.net
lcavender@transstates.net

Attorneys for Defendant GoJet Airlines

**CERTIFICATE OF ELECTRONIC SERVICE**

*Deidra Habeeb Hall v. Trans States Holdings, Inc., Trans States Airlines, and GoJet Airlines*
13-CV-7404

  I hereby certify that on March 3, 2014, I electronically filed the foregoing Memorandum in Support of Defendant GoJet Airlines' Motion to Dismiss with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Filing: Julie E. Diemer.

  I also certify that I have forwarded a paper copy of the foregoing, via standard overnight delivery, to Judge Sharon Johnson Coleman pursuant to Local Rule 5.2(f).

                   */s/  Leslie E. Cavender*